a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RASHEEN JAHMAL SMITH #12795-002,<br>Petitioner | CIVIL DOCKET NO. 1:23-CV-00562<br>SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Petitioner Rasheen Jahmal Smith ("Smith") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 5. The Government filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), which is ripe for disposition.

Because a Rule 12(b)(6) motion is not procedurally proper in habeas cases, the Motion (ECF No. 17) should be DENIED. However, because Smith is not entitled to relief on the merits, his Petition (ECF No. 5) should be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

Rasheen Jahmal Smith ("Smith") alleges that he received a disciplinary conviction for fighting with another inmate on March 20, 2019. ECF No. 5 at 2. He alleges that the sanction imposed was 27 days loss of good conduct time; 30 days in disciplinary segregation; loss of 120 days of commissary privileges; and a monetary fine. *Id.*

1

Smith asserts that he did not initially appeal. However, over one year after the conviction and sentence were imposed, the BOP amended the sentence to an additional loss of 54 days of good conduct time. ECF No. 5 at 2. Thereafter, Smith sought administrative relief, which was denied. *Id.* Smith seeks the restoration of 54 days of good conduct time credits.

According to the Declaration of William Epps, Jr. ("Epps"), a Discipline Hearing Administrator for the Federal Bureau of Prisons, Smith received Incident Report 3231912 at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega") on March 8, 2019, alleging the violation of the Bureau of Prisons' ("BOP's") disciplinary Code 201, fighting another person. ECF No. 17-2 at 2, 19-20. Prison video surveillance footage showed Smith in a physical altercation with another inmate. *Id.* at 19. Smith was provided a copy of the disciplinary charge on March 9, 2019. ECF No. 17-2 at 2.

Smith was brought before a Unit Discipline Committee on March 11, 2019, where he claimed self-defense. *Id.* at 3. The committee referred the matter to the Disciplinary Hearing Officer ("DHO") for a hearing.

Smith was advised of his rights at the hearing, and waived his right to a representative. ECF No. 17-2 at 22, 36. Smith testified that he was defending himself. The report indicates that another inmate struck Smith "from behind on the right side of his head and face with an open hand." *Id.* at 23. After falling to the ground, Smith removed his headset and started "swinging at" and "grappling with" the inmate. *Id.* Smith picked the inmate up and slammed him to the ground. The

two inmates continued to fight, "rolling around on the ground until the fight was stopped by staff." *Id.*

Smith was found guilty of the charge and sanctioned to the loss of 27 days of good conduct time, 30 days of disciplinary segregation, 120 days loss of commissary and phone privileges, and a $23.50 monetary fine. *Id.* at 23. A written copy of the report was provided to Smith on March 26, 2019. *Id.* at 4. He did not appeal the conviction or sentence.

On April 9, 2020, an amended DHO report was prepared, noting that the DHO had inadvertently omitted from the initial report a sanction of forfeiture of non-vested good conduct time. ECF No. 17-2 at 4, 39. The sanction had already been applied to Smith's sentence calculation. *Id.* at 4. When the erroneous omission of the sanction was discovered, the DHO amended the report to reflect a forfeiture of 54 days of non-vested good conduct time. The amended report explains that the forfeiture of non-vested time was imposed because Smith had two incident reports for a Code 201 violation in less than one year. *Id.* at 39. After being informed of the amended report, Smith was advised of his right to appeal. *Id.* at 40.

II. <u>Law and Analysis</u>

    A. <u>The Motion to Dismiss should be denied as procedurally improper.</u>

The Habeas Rules set forth procedures for responding to and evaluating habeas petitions – not the Federal Rules of Civil Procedure. *See Williams v. Willis*, 17-CV-184, 2018 WL 852381, at *5 (W.D. Tex. Feb. 13, 2018), *aff'd*, 765 Fed.Appx. 83 (5th Cir. 2019). Both the United States Supreme Court and United States Court of

3

Appeals for the Fifth Circuit have made clear that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas." *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) (citing *Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 269 n. 14, (1978)); *accord Odom v. West*, 174 F.3d 198 (5th Cir. 1999); *see also Knox v. Cain,* 5:13-CV-241, 2024 WL 24523 (S.D. Miss. Jan. 2, 2024); *Ndudzi v. Castro*, 20-CV-492, 2020 WL 3317107, at *3 n.4 (W.D. Tex. June 18, 2020) (collecting cases).

Therefore, the Government's Motion to Dismiss (ECF No. 17) should be DENIED.

    B.    <u>**Smith received the due process protections to which he was entitled.**</u>

Nevertheless, the Court may still reach the merits of the case. *See Diaz-Ortega v. Lund*, 1:19-CV-670-P, 2019 WL 6003485, at *4 (W.D. La. Oct. 15, 2019), *report and recommendation adopted*, 1:19-CV-670-P, 2019 WL 6037220 (W.D. La. Nov. 13, 2019). Smith alleges that his due process rights were violated when the DHO amended the report more than one year after imposition to include an additional 54 days of lost good time credits. ECF No. 5 at 2. Smith provides no legal support for his claim.

In the context of a prison disciplinary proceeding resulting in the loss of good time credits, constitutional due process requires minimal protections including: (1) written notice of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for

the disciplinary action taken. *See Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974). In addition, there must be "some evidence" in the record that supports the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–56 (1985); *Richards v. Dretke*, 394 F.3d 291, 293 (5th Cir. 2004).

Smith does not allege a lack of evidentiary support for his conviction. Nor does he dispute his reception of notice, an opportunity to call witnesses and present evidence, and a written statement from the factfinder. However, Smith implies that the report could not be amended at a later date to include additional sanctions.

According to Epps, the 54-day sanction had been applied to Smith's sentence calculation, although not reflected in the DHO report. When the omission was discovered, the report was merely amended to reflect the non-vested time that had been forfeited. ECF No. 17-2 at 4. The National Inmate Appeals Administrator's response also indicates that the forfeiture of 54 days non-vested time had been imposed, although it was omitted from the initial DHO report. *Id.* at 13. Thus, no new sanction was imposed. Even if a new sanction had been imposed, Smith does not allege that Respondents failed to provide him the due process required.

Finally, to the extent Smith implies that the sanction is excessive, his claim is meritless. The sanction is clearly within the range authorized by the federal regulations governing inmate discipline. *See* 28 C.F.R. § 541.3(a)–(b) (2011); Program Statement 5270.09, section 541.3.

## III. Conclusion

Because a Rule 12(b)(6) motion is improper under the federal habeas rules, but Smith is not entitled to relief, IT IS RECOMMENDED that the Respondent's Motion to Dismiss (ECF No. 17) be DENIED, but the Petition (ECF No. 5) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 18, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE